IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERRY NORVILLE,<br><br>    Plaintiff,<br><br>v.<br><br>ASSIGNED CREDIT SOLUTIONS, INC.,<br>a New Jersey corporation,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>No. _____ |

**COMPLAINT**

**INTRODUCTION**

1.  This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

**SUBJECT MATTER JURISDICTION**

2.  Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State and District and is authorized by law to bring this action.

4. Defendant ASSIGNED CREDIT SOLUTIONS, INC. is a corporation organized under the laws of the State of New Jersey.  [Hereinafter, said Defendant is referred to as "ACS."]

5. ACS transacts business in this state and has a registered agent in this Division.

6. ACS's transactions in this state give rise to the Plaintiff's cause of action.

7. ACS is subject to the jurisdiction and venue of this Court.

8. ACS may be served by personal service upon its registered agent in the State of Georgia, to wit: C.T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

9. Alternatively, ACS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or New Jersey.

## FACTS COMMON TO ALL CAUSES

10. ACS uses the mails in its business.

11. ACS uses telephone communications in its business.

12. The principle purpose of ACS's business is the collection of debts.

13. ACS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. ACS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, ACS communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16. The alleged debt which ACS attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

17. During the 12 months directly preceding the filing of this complaint, ACS made telephone communications to Plaintiff.

18. It is the practice and procedure of ACS not to leave its business name in telephone voice mail communications to consumers such as Plaintiff.

19. It is the practice and procedure of ACS not to identify itself as a debt collector in telephone voice mail communications to consumers such as Plaintiff.

20. It is the practice and procedure of ACS not to disclose the purpose of the call in telephone voice mail communications to consumers such as Plaintiff.

21. In at least two telephone voice mail communications sent to Plaintiff, ACS did not meaningfully disclose its identity.

22. In at least two telephone voice mail communications sent to Plaintiff, ACS did not state that the communication was from a debt collector.

23. In at least two telephone voice mail communications sent to Plaintiff, ACS did not state that the purpose of the communication was an attempt to collect a debt.

24. ACS's ordinary course of business conduct violates multiple sections of the FDCPA.

25. ACS's policy for leaving messages with consumer debtors is intentional.

26. Alternatively, ACS's policy for leaving messages was measured and calculated.

27. Defendant's communications violate the Fair Debt Collection Practices Act.

28. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

29. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

30. Defendant's violations of the FDCPA include, but are not limited to, the following:

31. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

32. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

33. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

34. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

SKAAR & FEAGLE, LLP

by:   /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax